UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

N° 06-CV-3874 (JFB)

———————

JOSE A. UMANZOR,

Petitioner,

VERSUS

JOSEPH T. SMITH, SUPERINTENDENT SHAWGUNK CORRECTIONAL FACILITY,

Respondent.

———————

MEMORANDUM AND ORDER
February 12, 2007

———————

JOSEPH F. BIANCO, District Judge:

On August 7, 2006, Jose A. Umanzor ("petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 27, 2006, respondent Joseph T. Smith moved to dismiss the petition as time-barred. For the reasons that follow, respondent's motion is granted and the petition is dismissed.

I. BACKGROUND

Petitioner was indicted by a Grand Jury in Suffolk County on January 12, 2000, on one count of Arson in the First Degree [N.Y. State Penal Law § 150.20(1)], four counts of Murder in the Second Degree [N.Y. State Penal Law § 125.25(2)], four counts of Murder in the Second Degree [N.Y. Penal Law § 125.25(3)], two counts of Assault in the First Degree [N.Y. State Penal Law § 120.13(3)], and two counts of Assault in the First Degree [N.Y. State Penal Law § 120.10(4)]. On October 31, 2000, petitioner was convicted by a jury in the Supreme Court of the State of New York, Suffolk County, of all of the crimes for which he had been indicted. He was sentenced to indeterminate terms of incarceration for twenty-five years to life on the arson and murder convictions, and determinate terms of incarceration of twenty-five years on the assault convictions, with all terms of incarceration to be served concurrently.

On October 31, 2000, a Notice of Appeal was filed on petitioner's behalf. On February 7, 2001, the Appellate Division, Second Department, granted petitioner permission to

proceed on his appeal as indigent and appointed the Legal Aid Society of Suffolk County, Inc. (the "Legal Aid Society"), to represent him. The Legal Aid Society perfected petitioner's appeal, filing a brief on his behalf on October 24, 2003. The Appellate Division affirmed petitioner's conviction on May 10, 2004. *People v. Umanzor*, 777 N.Y.S.2d 151 (N.Y. App. Div. 2004.) On July 28, 2004, the New York State Court of Appeals denied petitioner's application for leave to appeal. *People v. Umanzor*, 3 N.Y.3d 663 (N.Y. 2004). Petitioner did not seek direct review of his conviction by the United States Supreme Court.

On July 11, 2005, petitioner filed a writ of error *coram nobis*, dated June 28, 2005, challenging the quality of appellate counsel's representation. The Appellate Division denied petitioner's application on November 21, 2005. *People v. Umanzor*, 804 N.Y.S.2d 264 (N.Y. App. Div. 2005). On December 26, 2005, petitioner sought permission to appeal the Appellate Division's denial of his *coram nobis* application. The Court of Appeals denied petitioner's application on February 24, 2006. *People v. Umanzor*, 6 N.Y.3d 819 (2006).

On August 7, 2006, *pro se* petitioner filed an application before this Court for a writ of habeas corpus, dated August 1, 2006.[1]

---

[1] Though the petition was filed in the Clerk's office on August 7, 2006, the Court deems the petition filed on August 1, 2006, the date on which it was signed. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that the notice of appeal of a *pro se* incarcerated litigant is deemed filed when delivered to prison officials for mailing); *see also Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001) (concluding "that the district court properly

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year statute of limitations on state prisoners seeking *habeas corpus* review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of: (1) "the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review"; (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution of the laws of the United States is removed, if the applicant was prevented from filing by such State action"; (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review;" or (4) "the date on which a factual predicate to support a claim could have been discovered through due diligence." 28 U.S.C. § 2244(d)(1)(A-D).

Respondent argues that the amended petition should be dismissed as untimely because it was filed after the expiration of the statute of limitations. Pursuant to 28 U.S.C. § 2244(d)(1)(A-D), the statute of limitations began to run on the date petitioner's conviction became final. Petitioner's application for leave to appeal was denied by the New York Court of Appeals on July 28, 2004. Pursuant to Supreme Court Rule 13(1), the time for petitioner to seek review in the United States Supreme Court expired ninety days later. *See Williams v. Artuz*, 237 F.3d

---

extended the prison mailbox rule to petitions for writs of habeas corpus.").

147, 150 (2d Cir. 2001) ("[A] petitioner's 'conviction becomes final for [AEDPA] purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expires.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)). Accordingly, petitioner's conviction became final, and the one-year limitations period began to accrue, on October 27, 2004.

By the time petitioner signed his application for writ of *coram nobis* on June 28, 2005,[2] two hundred and forty-three days had elapsed. The time was then tolled during petitioner's post-conviction challenge.[3] The statute of limitations resumed running on February 25, 2006, the day after the New York State Court of Appeals denied petitioner's application for leave to appeal from the decision of the Appellate Division, Second Department, which denied petitioner's *coram nobis* application.[4] *See Doyle v. Yelich*, No. 05-CV-2750 (JG), 2005 WL 2475727, at *1 (E.D.N.Y. Oct. 7, 2005) ("Properly filed applications for state post-conviction relief toll the limitations period, but they do not reset the portion of the limitations period that has already run.").

An additional one hundred and fifty-six days elapsed between the Court of Appeals' denial of leave to appeal, and the filing of the habeas petition on August 1, 2006. Therefore, a total of three hundred and ninety-nine days had elapsed before petitioner filed the instant writ of habeas corpus on August 1, 2006. Thus, the petition was filed thirty-four days after the expiration of the limitations period.

In "rare and exceptional" circumstances,

---

[2] The Court looks to the date on which petitioner signed his application. *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005) (*coram nobis* petition "properly filed" on date delivered to prison authorities).

[3] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

[4] The State does not contest that the time was in fact tolled after the Appellate Division denied petitioner's *coram nobis* application and while the application for leave to appeal that decision was pending before the Court of Appeals. In *Hizbullahankhamon*, the Second Circuit held that "the one-year limitations period was not tolled during the intervals between [the *corum nobis*] denials [by the Appellate Division] and the dates on which the Court of Appeals dismissed petitioner's applications for leave to appeal these denials." *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 70-71 (2d Cir. 2001) (citing *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999) ("[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures."), *aff'd*, 531 U.S. 4 (2000)). However, in 2002, after the decision in *Hizbullahankhamon*, New York law changed to allow the Court of Appeals to consider requests for leave to appeal when based on ineffective assistance of appellate counsel, "provided that a certificate granting leave to appeal is issued." N.Y. C.P.L. § 450.90(1); *see also People v. Stultz*, 2 N.Y.3d 277, 281 (N.Y. 2004) (Recognizing that New York State law "authoriz[es] appeals (by permission) to this Court from appellate orders granting or denying *coram nobis* relief based on claims of ineffective assistance or wrongful deprivation."). Here, because the petition is time-barred regardless of whether that additional period of ninety-six days is tolled, the Court need not address this issue and has assumed *arguendo* (as does the State), that this period of time was tolled.

3

the one-year statute of limitations is subject to equitable tolling. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time"; and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17. The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 37 (2d Cir. 2002).

Petitioner argues that the petition should be equitably tolled because he only speaks Spanish, he was not aware that the *coram nobis* petition did not "reset the clock" on the limitations period, another inmate who was assisting him subsequently became unavailable, and because he is a "layman of the law." (Petitioner's Reply to Respondent's Motion to Dismiss dated Oct. 17, 2006, at 1-2.) It is well-established that none of these circumstances are considered "extraordinary." *See, e.g.*, *Smith*, 208 F.3d at 17 (petitioner's *pro se* status does not warrant equitable tolling); *Forbes v. Walsh*, No. 04-CV-5076 (LAK), 2007 WL 54792, at *4 (S.D.N.Y. Jan. 9, 2007) ("[T]hat [petitioner] was ignorant of the law and had to rely on other inmates for help – are not 'extraordinary,' as they apply to most inmates."); *Lu v. Phillips*, No. 03-CV-2558 (RJD), 2005 WL 1889461, at *2 (E.D.N.Y. Aug. 4, 2005) ("[L]ack of proficiency in English . . . and lack of expertise do not constitute 'extraordinary circumstances' justifying equitable tolling."); *Doyle*, 2005 WL 2475727, *2 (petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling); *Williams v. Breslin*, No. 03-CV-1848 (RWS), 2004 WL 2368011, *6 (S.D.N.Y. Oct. 20, 2004) (a lack of legal knowledge cannot excuse a delay in filing a petition); *Ayala v. Miller*, No. 03-CV-3289 (JG), 2004 WL 2126966, at *2 (E.D.N.Y. Sept.24, 2004) ("Neither a prisoner's *pro se* status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."); *Martinez v. Kuhlmann*, No. 99-CV-1094 (MBM), 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) (difficulty with English and inability to find other prisoners to assist with claim not "extraordinary"). Moreover, even if petitioner had demonstrated extraordinary circumstances, petitioner has failed to establish that he acted with reasonable diligence during the period he seeks to toll.

In short, petitioner has not presented any grounds that warrant equitable tolling, nor has he made a showing of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis). Accordingly, the petition is dismissed as time-barred.

4

### III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed as time-barred. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

SO ORDERED.

-------------------------
JOSEPH F. BIANCO
United States District Judge

Dated: February 12, 2007
Central Islip, New York

\* \* \*

Petitioner appears *pro se*. Attorney for Respondent is Thomas J. Spota, District Attorney of Suffolk County, by Rosalind C. Gray, Assistant District Attorney, Criminal Courts Building, 200 Center Drive, Riverhead, New York 11901.